IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | C.R. NO. C-08-690 |
| | § | |
| HILDA ELISA BENAVIDEZ-VALDEZ | § | |

## ORDER

Defendant Hilda Benavidez is indicted for knowingly and intentionally possessing with intent to distribute 9.95 kilograms of cocaine.  (D.E. 14).  A deposition of the material witness is scheduled for November 10, 2008 at 1:00 p.m.  (D.E. 18).  Pending is the Government's motion for review and revocation of the order for deposition of material witnesses.  (D.E. 20).[1]  The Government is seeking reconsideration of the order scheduling the deposition at which it originally agreed to have it set.  This pending motion was referred to a magistrate judge.

## BACKGROUND

On October 24, 2008, at a status conference regarding the initial appearance, Assistant United States Attorney Carol Wheeler initially explained that there was a material witness affidavit that was filed on October 2, 2008.  However, Ms. Wheeler was confusing an affidavit for material witness signed by the special agent in front of a magistrate judge with an affidavit signed by the material witness himself that would serve as the basis for a stipulation.  She further indicated that there is no provision for depositions in this case because defendant anticipated going to trial.  A discussion followed whether the Government could hold a material witness without deposing that individual.  Following that discussion, Ms. Wheeler did not oppose the

---

[1] Although the Government's motion addresses material witnesses, there is only one material witness in this action.

scheduling of the deposition.

At the hearing, counsel for the material witness explained that her client had legal status to be in the United States.  However, his permanent residence is in Mexico.  The material witness was driving the vehicle in which the cocaine was found.  At the time of this discovery, defendant was a passenger.  (D.E. 20, at 1).

## DISCUSSION

The Government concedes that "Title 18, section 3144 provides that depositions of material witnesses should be taken "...if the testimony of such witness can adequately be secured by deposition and if further detention is not necessary is not necessary [sic] to prevent a failure of justice." (D.E. 20, at 1).  However, it argues that "a deposition cannot adequately secure the testimony and further detention is necessary to prevent a failure of justice in this case."  Id. at 1-2.  This argument puts the proverbial cart before the horse.  The Government cannot know whether a deposition is adequate unless one is taken.

The order scheduling the deposition does not dictate that the material witness will then be released.  See United States v. Lai Fa Chen, 214 F.R.D. 578, 582 (N.D. Cal. 2003) ("Although Rule 15(a) [of the Federal Rules of Criminal Procedure] in conjunction with 18 U.S.C. § 3144 evinces a strong policy that material witnesses should be released from detention after the completion of criminal depositions, a court need not contemporaneously order automatic and immediate release.").  Instead, it simply complies with the statutory requirements Congress established in § 3144.  Interpreting a local rule of the Western District of Texas, the Fifth Circuit concluded that § 3144 requires a deposition as an initial step to continued holding of material witnesses.  See United States v. Allie, 978 F.2d 1401, 1405 (5th Cir. 1992); see also Torres-Ruiz

v. U.S. Dist. Court for the S. Dist. of Cal., 120 F.3d 933, 935-36 (9th Cir. 1997) (per curiam)

(material witnesses were entitled to have their depositions taken).  The Fifth Circuit has

explained that continued detention of material witnesses is not favored:

> A material witness may not be detained, however, if a deposition
> would suffice as an adequate alternative to the witness' live
> testimony at the proceeding.  That means, of course, that the
> deposition testimony must be admissible notwithstanding any
> objections by the parties (the government or the criminal
> defendant).  If the deposition would prove admissible over any
> objection under the Confrontation Clause of the United States
> Constitution or the Federal Rules of Evidence, then the material
> witness must be deposed rather than detained.

Aguilar-Ayala v. Ruiz, 973 F.2d 411, 413 (5th Cir. 1992).  This Court has issued a standing

order ruling "that a deposition shall be ordered absent conclusive proof that the release of the

material witness would result in a failure of justice."  Id. at 415 (citation omitted).  The

Government offers no such conclusive proof.  The potential violation of a defendant's

confrontation clause right is not sufficient to deny the taking of a deposition.  See United States

v. Drogoul, 1 F.3d 1546, 1554-55 (11th Cir. 1993).

   The material witness deposition could potentially alter the parties' view of this

prosecution.  He may testify in such a manner that defendant decides not to proceed to trial and

instead pleads guilty.  Alternatively, when he is under oath, it may become clear that the material

witness does not have any information to support the Government's prosecution.  If either result

were to happen, then a trial may not be necessary and the material witness may no longer be

needed.

   The Government makes several arguments as to why this Court should reconsider the

order scheduling the deposition.  First, it argues that the use of material witnesses is rare and

generally in alien smuggling cases.  (D.E. 20, at 2).  However, neither § 3144 nor Rule 15 of the Federal Rules of Criminal Procedure limit their impact to alien smuggling cases.

The Government claims that "[i]n the case before the court, the witnesses [sic] are not unavailable due to the fact of their pre-trial detention."  (D.E. 20, at 2-3).  This approach would render almost every material witness in this Court available because they typically are detained pre-trial.  Moreover, it raises the confrontation clause issue, which is premature.  Section 3144 requires the deposition of material witnesses, but does not require they be automatically released after such deposition.

The Government asserts that the deposition would be expensive, draining its resources.  (D.E. 20, at 3).  It fails to provide any case law to support the proposition that a material witness deposition should not proceed because of the expense.  It is not entirely necessary that all of these expenses are required for taking a deposition, such as video services.  More important, the Government's argument ignores the costs to the Government of holding a material witness everyday at taxpayer's expense.  Indeed, the deposition may obviate the need for a trial, which would not only render it unnecessary to continue holding the material witness, but would also save the Government the considerable expense of a trial.

Finally, the Government characterizes that the deposition is discovery that is little more than a fishing expedition.  Again, it fails to provide any support for this assertion.  Clearly, any deposition is designed to elicit information which in this case may render further detention unnecessary.

**CONCLUSION**

Accordingly, the Government's motion for review and revocation of the order for deposition of material witnesses, (D.E. 20), is DENIED

ORDERED this 6th day of November 2008.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE