UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-08-690 |
| | § | (CIVIL ACTION NO. C-10-65) |
| HILDA ELISA BENAVIDEZ-VALDEZ | § | |

### ORDER DENYING REMAINING CLAIM IN MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY

Hilda E. Benavidez-Valdez filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. D.E. 48. The Court recited the history of this case and disposed of all but one of her claims in its Order dated November 15, 2010. D.E. 64.

Pending before the Court is Defendant Hilda E. Benavidez-Valdez' (Benavidez-Valdez) remaining claim in her § 2255 motion that she instructed her counsel to file an appeal, but he failed to do so. D.E. 48. The Court held a hearing on this claim on January 25, 2011. After hearing the testimony of counsel and the testimony of Benavidez-Valdez, the Court FINDS that counsel met with Benavidez-Valdez after sentencing, that he counseled her regarding her right of appeal, and that Benavidez-Valdez did not instruct counsel to file a notice of appeal. This ground is DENIED.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)."The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Although

Benavidez-Valdez has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested); see also Rivers v. Quarterman, 661 F. Supp.2d 675, 703 (S.D. Tex. 2009).

Because Benavidez-Valdez has not made the required substantial showing of the denial of a constitutional right, her claims do not require this Court to certify any issue for appellate consideration. This Court will not issue a COA.

## CONCLUSION

For the foregoing reasons, and those set out in this Court's Order dated November 15, 2010 (D.E. 64), Benavidez-Valdez' motion to vacate, set aside or correct her sentence (D.E. 48) is DENIED. Additionally, Benavidez-Valdez is DENIED a Certificate of Appealability

SIGNED and ORDERED this 25th day of January, 2011.

_____
Janis Graham Jack
United States District Judge